# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-0044** (Wayne County 17-F-100)

**Michael Newsome,**
**Defendant Below, Petitioner**

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael Newsome, by counsel Jason D. Parmer, appeals the Circuit Court of Wayne County's December 7, 2017, order sentencing him following his conviction of delivery of a controlled substance. The State of West Virginia, by counsel Caleb A. Ellis, filed a response in support of the circuit court's order. On appeal, petitioner argues that the evidence was insufficient to support his conviction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on July 5, 2017, on one count of delivery of a controlled substance following his sale of Suboxone to a confidential informant ("CI"). During petitioner's trial, which commenced on September 25, 2017, Deputy Nathan Triplett testified that he and Deputy Wade Wellman, both employed by the Wayne County Sheriff's Department, worked with the CI who was involved in the controlled drug buy from petitioner. Deputy Triplett testified that he searched the CI, gave her marked money to complete the purchase, and drove the CI and Deputy Wellman to petitioner's residence to make the purchase.

Upon arriving at petitioner's home, Deputy Triplett saw petitioner standing outside the home. Deputy Triplett stated that he parked a short distance from petitioner's home so that petitioner could not see him in the vehicle, but he could still maintain a clear line of sight of petitioner and the CI. The CI exited the car and approached petitioner. Deputy Triplett testified that he observed the CI retrieve something from her pocket while petitioner took something from his pocket, and that an exchange occurred. The CI then returned to the vehicle and handed Suboxone to Deputy Triplett. Petitioner was arrested several months later. Deputy Triplett stated that the marked money was not recovered from petitioner, but he explained that petitioner had ample time between the sale and his arrest to spend those particular bills.

1

With respect to the CI's arrangement with the Wayne County Sheriff's Department, Deputy Triplett informed the jury that the CI came to work for the department following her arrest for marijuana possession. In exchange for dismissal of that charge, she agreed to work as a CI, but she was not "under a quota" and would not have "been in trouble" had she failed to complete the buy from petitioner.

The CI also testified at petitioner's trial. She testified that she intended to purchase drugs from petitioner's son; however, when she arrived at petitioner's house, he informed her that his son was not there and had left the drugs with him. In addition to confirming that she purchased Suboxone from petitioner, the CI confirmed that she did not hide Suboxone on her person prior to the purchase from petitioner.

Deputy Wellman testified that he attempted to take a video of the transaction. Before arriving at petitioner's home, the officers set up a video camera in the back of the vehicle. Once they arrived at petitioner's home, however, the camera's view was obstructed by another vehicle. As a result, Deputy Wellman had to move the camera, but was unable to do so in time to capture most of the transaction. Deputy Wellman, nonetheless, testified that he was able to see petitioner, and identified him at trial.

Petitioner testified and denied selling Suboxone to the CI. However, the jury convicted him of delivery of a controlled substance. The circuit court sentenced petitioner to not less than one nor more than five years of incarceration, and this sentence was memorialized in the court's December 7, 2017, sentencing order. It is from this order that petitioner appeals.

Petitioner's lone assignment of error on appeal concerns the sufficiency of the evidence to support his conviction. Petitioner claims that the officer's search of the CI was not thorough, "and it was possible that [she] could have kept a Suboxone strip in her bra when she was asked to shake it out." Petitioner also argues that the CI was in a "compromised legal position," and had motive to fabricate a purchase from petitioner to avoid her own charges. Petitioner highlights that he denied, under oath, delivering the controlled substance, which created reasonable doubt as to his guilt. Petitioner also claims that the failure to recover the marked money and the failure to capture on video a "hand-to-hand transaction" created a reasonable doubt.

Regarding a claim that the evidence at trial was insufficient to convict, this Court has stated that

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Further,

2

A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id.* at 663, 461 S.E.2d at 169, Syl. Pt. 3, in part.

Petitioner has failed to satisfy his "heavy burden" on appeal. *Id.* Petitioner does not argue that the "record contains no evidence . . . from which the jury could find guilt beyond a reasonable doubt." *Id.* Rather, petitioner's arguments present issues reserved for the jury's consideration and determination. Petitioner's claims that the CI possessed motive to falsely accuse petitioner, that she "could have" had Suboxone on her person, and that he denied selling Suboxone clearly involve credibility and weight determinations that "are for a jury and not an appellate court." *Id.* "As we have cautioned before, appellate review is not a device for this Court to replace a jury's finding with our own conclusion. On review, we will not weigh evidence or determine credibility." *Id.* at 669, 461 S.E.2d at 175. Petitioner's remaining assertions concerning the creation of reasonable doubt due to the failure to recover the marked money and failure to capture the entire transaction on video are also unavailing because "[t]he beyond a reasonable doubt standard does not require the exclusion of every other hypothesis or, for that matter, every other reasonable hypothesis." *Id.* at 670, 461 S.E.2d at 176. Accordingly, there is no merit to petitioner's arguments.

For the foregoing reasons, we affirm the circuit court's December 7, 2017, sentencing order.

Affirmed.

**ISSUED**:  November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment